STURGIS, Chief Judge.
The tax assessor of Okaloosa County fixed the value of appellee’s property on the 1962 tax assessment roll at $11,950.00. Ap-pellee protested the assessment before the board of county commissioners sitting for the purposes prescribed by sections 193.25-.27, Florida Statutes, F.S.A. and the board reduced the valuation to $11,095.00. In so doing the sum of $855.00 was deducted from a value of $2,855.00 placed on a barn constituting part of the improvements on the property, the tax assessor’s valuation of the land and three other buildings on the premises having been left intact.
The appellee-taxpayer then brought this suit against the members of the county commission and the state comptroller alleging that on January 1, 1962, the full cash value of the subject property was $9,458.81, so that the assessment fixed by the board of county commissioners was excessive and erroneous, and further challenging the validity of the assessment on the ground that said property was assessed at a higher proportionate valuation than that of other similar property subject to ad valorem taxes upon the 1962 tax roll of said county. Ap-pellee prayed that the assessed valuation be reduced to the amount stated ($9,458.81) or in the alternative “to a valuation proportionate to the assessment of other real property assessed on the same rolls for the same year.”
Motion to dismiss the complaint for failure to state a cause of action was denied, whereupon appellants filed an answer generally denying the material allegations of the complaint. Testimony was adduced by the parties and on final hearing it was stipu* *198 lated that the value of the land was not in dispute. The chancellor entered an order holding that the valuation given by the tax assessor and by the board of county commissioners to the barn, designated as “Building .No. 3”, was “excessive and erroneous by reason of inequality,” and requiring the tax assessor, one Rhett Cadenhead, who was a witness on behalf of appellants but not a party to the cause, to within sixty days make a re-evaluation of the barn and report the same to the court “for further hearing in light of the testimony heretofore taken.”
Notwithstanding the extra-judicial character of the order in its application to the tax assessor, the latter nevertheless filed in the cause a document stating it to be his opinion that as of January 1, 1962, the full cash value of the bam was $2,855.00. The chancellor entered a supplemental order holding that the document filed by the tax assessor “was not in line with” the previous order and commanding the tax assessor to within ten days make a re-evaluation of said building and report the same to the court “for further hearing in light of the testimony heretofore taken.” Treating the last order as being final in character, appellants brought this appeal to review the same and assigned error in several particulars, including the question of the power of the chancellor to require the tax assessor to make a “re-evaluation” of the barn. Appellee filed sundry cross-assignments of error.
We do not deem it necessary to discuss the assignments-of error in detail because a casual inspection of the record- on appeal reveals that the orders appealed are in no sense final in character and are therefore not appealable in the form pursued by appellants. It is obvious that the trial court has not rendered a final decree upon the critical issue of whether the defendant members of the county commission acted contrary to law in refusing to reduce the overall assessed valuation of the subject property to an amount not exceeding the alleged full value thereof as charged by the complaint. Assuming the appellee, plaintiff below, should be properly found by the trial court to have established his contention in the premises (a matter which we do not undertake to pass upon at this time), the duty would then devolve on the trial court to determine the true full cash value of the property on the tax assessment date (January 1, 1962) and to enter a final decree providing the basis for the tax payable upon the subject property for the tax year 1962.
We deem it expedient to note that the tax assessor of Okaloosa County, not being a party to this cause, was not amenable to the processes of the court as indicated by the orders directing him to make a reevaluation of the property.
Finding that this appeal is premature, the same is hereby dismissed and the cause remanded for such further proceedings as may be appropriate.
WIGGINTON and CARROLL, DONALD K., JJ., concur.